**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

MONDRA D. BROWN,   )
          )
Petitioner,     )
          )
vs.         )  CAUSE NO. 3:10-CV-518
          )
SUPERINTENDENT,    )
          )
Respondent.     )

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the Second Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Mondra D. Brown on July 5, 2012. For the reasons set forth below, the habeas corpus petition is **GRANTED** and the State of Indiana is **ORDERED** to either release Mondra D. Brown or permit him to pursue a direct appeal with the assistance of appointed counsel within 60 days of this order. Counsel for the respondent is **ORDERED** to provide proof of compliance with this order within 75 days of this order.


<u>BACKGROUND</u>

Mondra D. Brown, a *pro se* prisoner, is challenging his convictions and 45 year sentence for Assisting a Criminal and Attempted Murder by the Marion Superior Court on June 15, 2006, under cause number 49G03-0410-MR-196476. Brown filed a direct appeal with the assistance of counsel, but then voluntarily dismissed it without prejudice to pursue post-conviction relief in

accordance with the *Davis/Hatton*[1] procedure.  This allowed him to combine his direct appeal issues and his post-conviction appeal issues into a single appeal at a later date.  In dismissing his direct appeal, the Court of Appeals of Indiana ruled:

> 1. Brown's verified motion to dismiss appeal without prejudice and for leave to file petition for post-conviction relief is granted.
> 2. This appeal is dismissed without prejudice. If any part of the trial court's forthcoming ruling on the appellant's petition for post-conviction relief is adverse to the appellant, the appellant may in a subsequent appeal raise the issues he would have raised in this appeal along with the new issues created by the trial court's ruling on the petition for post-conviction relief.

DE 25-2 at 3.

Counsel for Brown then filed a post-conviction relief petition which was ultimately denied by the trial court.  Counsel for Brown filed a notice of appeal solely appealing from the denial of post-conviction relief.  *See* State Court Record, Post-Conviction Corrected Appendix of Exhibits, A84.  Then, because Brown was

---

[1]    The Davis-Hatton procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. *State v. Lopez*, 676 N.E.2d 1063, 1069 (Ind. Ct. App. 1997) (*citing Hatton v. State*, 626 N.E.2d 442 (Ind. 1993), trans. denied; *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977)). *See also* Ind. Appellate Rule 37(A) ("At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court . . . for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.").
*Kindred v. State*, 973 N.E.2d 1245, 1247 n.1 (Ind. Ct. App. 2012) (ellipsis in original).

unable to continue to afford to retain his attorney, she withdrew by filing a motion with the court explaining:

> That the Petitioner has advised counsel that he will be proceeding with the appeal from his recently-denied Verified Petition for Post-Conviction Relief pro se or retaining other counsel, and counsel has provided him with forms and guidance in how to do so as well as filed the Notice of Appeal to preserve his ability to appeal.

DE 25-15 at 2.  The motion to withdraw made no mention of a direct appeal.

In his post-conviction appeal, Brown, now proceeding *pro se*, raised three issues, but only the second one is relevant to this proceeding:

> Argument Two: The Defendant Was Denied Effective Assistance Of Appellate Counsel In Direct Contravention Of The Fifth, Sixth, And Fourteenth Amendments To The United States Constitution, And Article One, Section 12 & 13 Of The Indiana Constitution, Where Appellate Counsel Was Ineffective For The Following Reasons:
> 1) Failed To Raise On Davis/Hatton Petition Claim Of Ineffective Assistance Of Trial Counsel For Failing To Properly Investigate The "Illegal" Search Of Defendant's Residence And Vehicle, And Then File Motion Suppress The "Illegally" seized "Weapon" Found In Defendant's Vehicle. And Also, Failed To Object To The Admission Of The "Illegally" Seized "Weapon" During Trial.
> 2) Failed To Properly Argue On Davis/Hatton Petition Claim Of Ineffective Assistance of Trial counsel For Failing To Timely Object To The Presentation Of 404(b) Evidence By The Prosecutor During The Trial.
> 3) Failed To Raise On Davis/Hatton Petition Claim Of Ineffective Assistance Of Trial Counsel For Failing To Timely Object To Inadmissible Hearsay Elicited From State Witness By Prosecutor During Trial.

DE 25-7 at 6 (ellipsis and page numbers omitted).  In affirming the denial of post-conviction relief, the Court of Appeals of Indiana correctly summarized this claim as "[w]hether Brown was denied the effective assistance of post-conviction counsel . . . ."  DE 25-10 at 3.  This re-phrasing was accurate because Brown was arguing about events which had occurred during his post-conviction relief proceedings in the trial court.

Brown's use of the words, "Appellate Counsel" in the second claim was not correct because the post-conviction proceedings in the trial court were not part of his direct appeal.  Perhaps his confusion stems from the fact that he was represented by the same attorney during both proceedings.  Perhaps it is because he did not understand that *Davis/Hatton* merely delayed his direct appeal and preserved those issues so that they could be combined with the post-conviction appeal.  Whatever the reason for Brown's confusion, the *Davis/Hatton* procedure did not make his post-conviction relief proceedings in the trial court a part of his direct appeal; the post-conviction proceedings remained a collateral attack.[2]

After the Court of Appeals of Indiana denied his appeal, Brown sought transfer to the Indiana Supreme Court on two issues:

> The Defendant Could Establish Prejudice Because His Trial Counsel Failed To Challenge The Search And Submachine Gun On Fourth Amendment Constitutional Grounds.

---

[2] Brown's confusion on this point continues in the arguments and briefing that he has presented in this habeas corpus case.

DE 25-11 at 9.

> Ms. Ricks erroneously informed the Court of Appeals that there were "no meritorious issues for a direct appeal," when in fact, there was sufficient evidence in the (first & second) trial records to support [Ineffective Assistance of Trial Counsel Claim] for failing to challenge admission of the "[Submachine Gun]" on the "Fourth Amendment Grounds."

DE 25-11 at 14. The Indiana Supreme Court denied transfer on December 10, 2009.

Brown initiated this habeas corpus proceeding on December 10, 2010, but it was subsequently stayed while he attempted to obtain authorization from the Court of Appeals of Indiana to file three successive post-conviction relief petitions. All were denied. Ultimately, the stay in this court was lifted and Brown filed the Second Amended Habeas Corpus Petition (DE 22) at issue now. In it he sets forth five grounds for relief.

> 1. The petitioner was denied the right to the effective assistance of counsel from his trial attorney, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. DE 22 at 4. (Brown lists 14 different instances of ineffectiveness.)

> 2. The petitioner's sentence violated the Sixth Amendment to the United States Constitution pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). DE 22 at 6.

> 3. The Petitioner received ineffective assistance of Appellate Counsel in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution an[d] Article One, Section Twelve and Thirteen of the Constitution of the State of Indiana. DE 22 at 7. (Brown lists 5 instances of ineffectiveness.)

4. The Post-Conviction Court violated the Petitioner's Fifth, Sixth, and Fourteenth Amendment right to due process and to the compulsory process to present evidence in his behalf, when it erroneously refused to admit relevant probative and necessary evidence in the form of the transcripts from Petitioner's second trial. The Petitioner submitted the transcripts of his second trial to prevail on his claim of Ineffective Assistance of Counsel. DE 22 at 10.

5. The State committed misconduct and violated the Petitioners Fourth and Fifth Amendment when it presented an irrelevant gun, confiscated from an illegal search of the Petitioners car, a year after the crime, to the jury to show the Petitioners propensity and conformity to commit the crimes charged against him, and in closing argument lied to the jury about the Petitioner being a suspect in another murder. DE 22 at 11.

The respondent was ordered to respond to the petition and file the state court record, both of which were done on November 14, 2012. After receiving five enlargements of time, Brown filed a 138 page traverse on October 17, 2013.


DISCUSSION

The respondent argues that Brown has procedurally defaulted his first three claims by not properly presenting them to the Indiana Supreme Court. He argues that ground four is not cognizable in habeas. The respondent's brief does not address ground five. Nevertheless, all five of the grounds that Brown has presented are procedurally defaulted and therefore do not present a basis for habeas corpus relief unless he can excuse the default.

## Procedural Default

"To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted). Under the procedural default doctrine, a federal habeas court is precluded from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

<u>Grounds Presented to the Indiana Supreme Court</u>

Here, Brown lists five grounds in his habeas corpus petition, but he only presented two grounds to the Indiana Supreme Court. As such, it is impossible for him to have exhausted more than those two grounds. Any grounds raised in the Second Amended Habeas Corpus petition (including their sub-parts) that were not presented to the Indiana Supreme Court must have been procedurally defaulted.

The first issue that Brown presented to the Indiana Supreme Court was that "[t]he Defendant Could Establish Prejudice Because His Trial Counsel Failed To Challenge The Search And Submachine Gun On Fourth Amendment Constitutional Grounds." DE 25-11 at 9. Though the Indiana Supreme Court did not explain why it denied the petition to transfer, the Court of Appeals of Indiana did explain why it denied this claim. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Court of Appeals of Indiana explained that "[i]n his petition for post-conviction relief, Brown did not argue that trial counsel should have challenged the search and submachine gun on Fourth Amendment grounds. Therefore, this issue is waived." *Brown v. State*, 49A05-0806-PC-381 (Ind. Ct. App. 2009), DE 25-10 at 8. Though the opinion went on to also find that Brown could not establish prejudice, that is irrelevant because "a state court need

8

not fear reaching the merits of a federal claim in an alternative holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). That is to say, because the Court of Appeals of Indiana unequivocally found this claim waived and because waiver constitutes an adequate and independent state procedural ground that bars federal review, the first claim that Brown presented to the Indiana Supreme Court in his petition to transfer is procedurally defaulted. *See Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009).

The other issue that Brown presented to the Indiana Supreme Court was whether "Ms. Ricks erroneously informed the Court of Appeals that there were no meritorious issues for a direct appeal, when in fact, there was sufficient evidence in the (first & second) trial records to support [an Ineffective Assistance of Trial Counsel Claim] for failing to challenge admission of the Submachine Gun on the Fourth Amendment Grounds." DE 25-11 at 14 (quotation marks and brackets omitted). The Indiana Supreme Court did not explain why it denied transfer on this issue and the Court of Appeals of Indiana did not address it because Brown did not present it in his appeal to that court.[3] "[A]n appellant does not fully

---

[3] The claim that Brown was raising in the petition to transfer was whether his direct appeal counsel was ineffective for not finding any basis for a direct appeal and for seeking to utilize the *Davis/Hatton* procedure. This is not the same issue that he raised in his second argument to the Court of Appeals of Indiana. In that argument, he argued that his post-conviction counsel should have raised different/stronger issues in his post-conviction relief petition. Though Brown phrased his argument to the Court of Appeals of Indiana as one of ineffective direct appeal counsel, he was arguing about the contents of his post-conviction petition. Therefore it was a misnomer to have referred to his post-conviction counsel as direct appeal counsel. Nevertheless, despite this confused vocabulary, the alleged act of ineffectiveness is also different. The argument that he presented to the Indiana Supreme Court was that counsel should not have

and fairly present a federal claim to the state courts when he raises that claim for the first time in . . . a petition asking the state supreme court to grant him leave to appeal." *Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004) *citing Castille v. Peoples*, 489 U.S. 346 (1989). Thus, because the second claim that Brown presented to the Indiana Supreme Court in his petition to transfer had not been previously raised, it is procedurally defaulted.

<u>Grounds Presented in this Habeas Corpus Petition</u>

The court now turns to the five grounds Brown listed in this habeas corpus petition. The first ground raised by Brown is that his trial counsel was ineffective for fourteen reasons. He argues that he presented this ground and three of those reasons to the Indiana Court of Appeals in his petition to transfer. DE 22 at 6. However, the petition to transfer was filed with the Indiana Supreme Court and it only presented one reason why his trial counsel was ineffective, but that reason was waived because he had not raised it in his post-conviction relief petition. DE 25-10 at 8. Brown argues that the other nine reasons were presented to the Indiana Court of Appeals in his requests to file successive post-conviction relief petitions. However, all of those requests were denied. Indiana only permits one post-conviction relief petition

---

voluntarily dismissed his direct appeal and utilized the *Davis/Hatton* procedure. The argument that he raised to the Court of Appeals of Indiana was that counsel should have presented different/stronger arguments in his post-conviction relief petition. These are simply not the same claims.

without authorization.  PCR Rule 1, Sec. 12.  "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times." *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002).  Because Indiana denied his requests to file successive post-conviction relief petitions, the issues Brown attempted to raise in those petitions were forfeited because "an unauthorized successive petition is not considered 'properly filed' under Indiana law . . .." *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005).  In his traverse, Brown argues that he presented two reasons that his trial counsel was ineffective in his amended direct appeal brief.  DE 48 at 44.  However, he was denied leave to file that brief.  DE 25-3 at 6.  Thus, the amended direct appeal brief was not properly filed.  Therefore the first ground in Brown's habeas corpus petition is procedurally defaulted.

The second ground raised by Brown in this habeas corpus petition is that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).  He argues that he presented this ground to the Indiana Supreme Court in his petition to transfer. DE 22 at 7. However, Brown only raised two claims in his petition to transfer and neither involved his sentencing or *Blakely*.  *See* DE 25-11.  Therefore the second ground in Brown's habeas corpus petition is procedurally defaulted.

The third ground raised by Brown in this habeas corpus petition is that his appellate counsel was ineffective for three reasons. He argues that he presented this ground to the Indiana Supreme Court in his petition to transfer. DE 22 at 10. However, Brown only presented one reason why his appellate counsel was ineffective in his petition to transfer and that reason was not fairly presented because he raised it for the first time in the petition to transfer. Brown also argues that he presented this ground to the Indiana Court of Appeals in his requests to file successive post-conviction relief petitions. However, because "an unauthorized successive petition is not considered 'properly filed' under Indiana law" *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005), the third ground in Brown's habeas corpus petition is procedurally defaulted.

The fourth ground raised by Brown in this habeas corpus petition is that the post-conviction court denied him due process when it refused to admit transcripts from his second trial. He argues that he presented this ground to the Indiana Court of Appeals in one of his requests to file a successive post-conviction relief petition. DE 22 at 11. However, "an unauthorized successive petition is not considered 'properly filed' under Indiana law . . .." *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). He also argues that he presented this ground in a petition for rehearing. DE 48 at 16. However, "an appellant does

12

not fully and fairly present a federal claim to the state courts when he raises that claim for the first time in a petition for rehearing before the state appellate court . . .." *Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004) *citing Castille v. Peoples*, 489 U.S. 346 (1989).  Thus, the fourth ground in Brown's habeas corpus petition is procedurally defaulted.

The fifth ground raised by Brown in this habeas corpus petition is that the prosecutor presented illegally obtained, irrelevant evidence during his trial and then lied to the jury during closing argument.  He argues that he presented this ground to the Indiana Court of Appeals in one of his requests to file a successive post-conviction relief petition.  DE 22 at 12.  However, because "an unauthorized successive petition is not considered 'properly filed' under Indiana law" *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005), the fifth ground in Brown's habeas corpus petition is procedurally defaulted.

Thus, Brown does not have any claims that are not procedurally defaulted.

<u>Cause and Prejudice</u>

Procedural default can be excused and the court can consider a claim that was not properly raised in the State court if a petitioner can demonstrate cause and prejudice.  *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).  "Cause for a default is ordinarily established by showing that some type of external

13

impediment prevented the petitioner from presenting his claim. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012) (quotation marks and citations omitted). Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). When a habeas petitioner seeks to excuse a procedural default by claiming ineffective assistance of counsel, the cause and prejudice test from *Wainwright v. Sykes*, 433 U.S. 72 (1977), is replaced by the test for ineffective assistance set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). *See also Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").

Brown argues that the reason that all of the grounds raised in this habeas corpus petition are procedurally defaulted is because his trial counsel was ineffective for the fourteen reasons listed in the first ground of his habeas corpus petition. DE 48 at 19-63

14

and DE 48-1 at 1-36.  He also argues that it is because his
"Appellate/Post-Conviction Counsel" was ineffective for the five
reasons listed in the third ground of his habeas corpus petition.
DE 48-1 at 36-50.   However, those claims of attorney
ineffectiveness are themselves procedurally defaulted and "a claim
of attorney ineffectiveness which is defaulted in state court
cannot be the basis for cause, unless the petitioner can establish
cause and prejudice for the ineffectiveness claim as well."
*Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).  That is to
say, unless the reason that Brown did not properly present his
ineffective assistance of counsel claims to the Indiana Supreme
Court was because of an instance of ineffective counsel, then he
does not have cause to excuse the procedural default of any of the
grounds raised in this habeas corpus petition.

     Here, none of the fourteen reasons that Brown's trial counsel
is alleged to have been ineffective have any relationship to his
claims having not been presented to the Indiana Supreme Court.
Brown alleges that:

     i.    Counsel failed and did not inform the petitioner
           that the right to testify was a decision that the
           petitioner ultimately had to make;

    ii.    Counsel denied the petitioner his constitutional
           right to testify in his own behalf;

   iii. Counsel failed to object to testimony, evidence,
           and arguments regarding a submachine gun that was
           obtained during a warrantless and illegal search of
           Petitioner's vehicle over a year after the alleged
           offense, on grounds that it was not related to the

crime charged, was irrelevant, prejudicial, and a violation of rule 404(b);

iv.   Counsel failed to object-on grounds of irrelevance- to the admission and presentation of evidence pertaining to the submachine gun;

v.    Counsel failed to move in limine to exclude any mention or testimony regarding the illegally seized and irrelevant submachine gun;

vi.   Counsel failed to file a motion to suppress the submachine gun found in the petitioner's car during the illegal warrantless search of the petitioner's residence;

vii.  Counsel failed to advise the petitioner not to contact the alleged victim, Clarence Sanders, by telephone when the petitioner told counsel he would do so;

viii. Counsel encouraged Petitioner to violate the no contact order issued by the Court by contacting the alleged victim and told Petitioner to let her "know how it went" when he had done so;

ix.   Counsel failed to disclose exculpatory evidence to the State in a timely manner, which led to the violation of the petitioner's State right to a speedy trial;

x.    Counsel failed to present exculpatory evidence-in the form of two letters written by the petitioner's co-defendant-which stated that the petitioner did not commit the crimes charged against him;

xi.   Counsel failed to call the petitioner's co-defendant, Cortez Smith, as a witness at Petitioner's trial when Counsel had written statements from Co-Defendant that he would have testified that Petitioner was not involved in the shooting for which he stands convicted;

xii.  Counsel failed to request that the jury be given the option of a lesser included offense instruction for Assisting a Criminal;

xiii. Counsel failed to object to prosecutorial misconduct during the trial and closing arguments in the form of false statements regarding Petitioner's character and that Petitioner was a suspect in *another* murder and attempted murder;

xiv. Counsel generally failed to properly advise Petitioner in regards to his rights and the law in this matter and the cumulative effect of Counsel errors prejudiced the Petitioner.

DE 22 at 4-6.

Even if every one of these alleged errors were committed by Brown's trial counsel, none of them prevented Brown from raising any of his procedurally defaulted claims in the State courts nor did they prevent him from presenting any of them to the Indiana Supreme Court. That is to say, nothing that Brown's trial counsel did (or failed to do) impeded him from presenting and exhausting his claims before the Indiana Supreme Court. Therefore the ineffective assistance of Brown's trial counsel cannot be cause to excuse the procedural default of his habeas corpus claims.

Brown lists five reasons that his "Appellate/Post-Conviction Counsel" was ineffective and argues that they constitute cause to excuse the procedural default of the grounds raised in this habeas corpus petition. However, two of them are issues involving his post-conviction counsel and the other three are merely restatements of a single reason. Brown alleges that:

1. Appellate counsel failed to raise any direct appeal issues in the Petitioner's consolidated appeal;

2. Appellate/Post-Conviction counsel failed to call witnesses and present evidence in the

17

Petitioner['s] behalf to create and [p]reserve the
record for his Ineffective Assistance of Trial
Counsel Claim;

3.    Appellate/Post-Conviction counsel failed to raise
      several stronger and meritorious issues on
      *Davis/Hatton* Petition, such as the following [10
      examples].

4.    Appellate counsel abandoned the Petitioner forcing
      him to proceed pro se without the legal know how;

5.    Petitioner was denied the assistance of appellate
      counsel. The Petitioner began the direct appeal
      process with retained counsel, Hillary Ricks, but
      then counsel sought to employ the *Davis/Hatton*
      procedure and dismiss his direct appeal in order to
      file the original petition for post-conviction
      relief. When Petitioner's post-conviction relief
      petition was denied, Petitioner was unable to
      afford counsel and was forced to proceed pro se, to
      his detriment. Petitioner had the right to
      appointed counsel to represent him because he was
      not only appealing the denial of his post-
      conviction petition, but, due to the nature of the
      *Davis/Hatton* procedure, was also conducting his
      direct appeal. Petitioner was prejudiced in that he
      was unable to preserve and present cogent arguments
      and issues to the reviewing court. At no point did
      Ms. Ricks advise the Petitioner that he was still
      entitled to request pauper counsel to perfect his
      appeal.

DE 22 at 7-10. Items 2 and 3 were not the actions or omissions of

appellate counsel. Raising issues in the post-conviction relief

petition and calling witnesses during the post-conviction relief

proceeding are part of the collateral attack on his conviction;

they are not part of the direct appeal. Though Brown combined his

direct appeal and his post-conviction appeal by using the

*Davis/Hatton* procedure, that procedure did not transform his post-

conviction petition and the trial court proceedings thereon into a part of his direct appeal.

"[P]rocedural default caused by ineffective postconviction counsel may be excused if state law, either expressly or in practice, confines claims of trial counsel's ineffectiveness exclusively to collateral review." *Nash v. Hepp*, __ F.3d __, __; 12-1786, slip op. at 7, 2014 WL 187107, *4; 2014 U.S. App. LEXIS 1014, *9 (7th Cir. January 17, 2014) *citing Trevino v. Thaler*, 569 U.S. __, __; 133 S. Ct. 1911, 1921; 185 L. Ed. 2d 1044, __ (2013); and *Martinez v. Ryan*, 566 U.S. __, __; 132 S. Ct. 1309, 1315; 182 L. Ed. 2d 272, __ (2012). However, Indiana is not such a state. Indiana law allows (and in some instances, requires) ineffective assistance claims to be raised on direct appeal.[4]  *See Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998). Thus, even if Brown's post-conviction counsel was ineffective, this is not cause to excuse the default of any of the grounds he raised in his habeas corpus petition. *See Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005) (Petitioner could not establish cause and prejudice based on errors of post-conviction counsel since he had no right to counsel at that stage.)

---

[4] Indeed, one of the two issues that Brown presented to the Indiana Supreme Court in his petition to transfer was the argument that his lawyer should not have adopted the *Davis/Hatton* procedure because there was sufficient evidence in his trial records to support his ineffective assistance of trial counsel claims. DE 25-11 at 14.

<u>Absence of Counsel on Direct Appeal</u>

The other three reasons (items 1, 4, and 5) asserted by Brown to demonstrate the ineffective assistance of his appellate counsel are really just one reason restated three different ways. Brown argues that his appellate counsel did not raise any direct appeal issues, abandoned him, and thereby denied him the assistance of appellate counsel. In sum, this is merely an assertion that he was denied the assistance of counsel on his direct appeal.

Convicted felons, like Brown, have a right to counsel on direct appeal. *Douglas v. California*, 372 U.S. 353 (1963). Appellate counsel may not abandon a client to proceed *pro se* on a direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.")(*citing Rodriquez v. United States*, 395 U.S. 327 (1969) and *Peguero v. United States*, 526 U.S. 23, 28 (1999).)

The respondent argues that it was not counsel that abandoned Brown, but Brown who abandoned his counsel. However, the record does not demonstrate that Brown waived his right to counsel on direct appeal. In the motion to withdraw, counsel wrote, "the petitioner has advised counsel that he will be proceeding with the appeal from this recently-denied Verified Petition for Post-Conviction Relief *pro se* or retaining other counsel, and counsel

has provided him with forms and guidance in how to do so as well as filed the Notice of Appeal to preserve is ability to appeal." DE 25-15 at 2.  This implies that Brown fired his retained lawyer which he says is because he ran out of money to pay her.  However, nothing in the record describes any effort to preserve Brown's right to counsel for his direct appeal.  Indeed, the motion to withdraw does not even mention the direct appeal – only the appeal from the denial of post-conviction relief.  Additionally, the notice of appeal that counsel filed makes no mention of a direct appeal either.  Moreover, the opinion of the Court of Appeals of Indiana makes no mention of being a direct appeal.  Though it notes as a part of the case's procedural history that Brown dismissed his direct appeal without prejudice, it does not mention *Davis/Hatton*, nor include a standard of review for issues raised on direct appeal – it only sets out the standard of review for an appeal from the denial of a post-conviction relief petition.

Though this case is complicated by the *Davis/Hatton* procedure, it is nevertheless similar to *Betts v. Litscher*, 241 F.3d 594 (7th Cir. 2001).  In *Betts*, counsel withdrew after concluding that an appeal would be frivolous.  The State court did not independently review that determination despite the fact that "counsel may not be the final judge of frivolousness." *Id.* at 597.  Counsel in this case made a similar assertion about the quality of the possible direct appeal issues when she moved to utilize the *Davis/Hatton*

21

procedure.  However, because the Court of Appeals of Indiana was only deferring the direct appeal, it was unnecessary for it to independently address that question – and it did not do so.  But, "[u]nless the court is satisfied that an appeal would be frivolous, counsel must be instructed to continue representing the appellant (or a new lawyer must be appointed)."  *Id.*  However, when it came time for Brown to pursue his direct appeal, combined with his post-conviction appeal, he was left without counsel and without a determination by the Indiana courts that he had no non-frivolous appeal issues.  *Betts* held that because "the court played no role in evaluating the merits of the appeal [habeas corpus had to be granted unless] Betts actually waived his right to the assistance of counsel."  *Id.*  However, because that record did not demonstrate waiver, the Seventh Circuit "remanded with instructions to issue a writ of habeas corpus requiring Betts' release unless, within 60 days, Wisconsin afford[ed] him a new appellate proceeding, as if on direct appeal, with the assistance of appointed counsel."  *Id.*  So too, the record in this case does not demonstrate waiver and the same type of habeas corpus relief must be granted.

As this court explained in a similar case involving the *Davis/Hatton* procedure:

> Because the direct appeal and the post-conviction appeal are separate, albeit consolidated for efficiency, each retains its own unique characteristics.  And while a defendant does not have a constitutional right to the effective assistance of counsel on post-conviction review, *see Pennsylvania v. Finley*, 481 U.S. 551, 555

(1987), he does have a right to a direct appeal of his criminal conviction, and a constitutional right to the effective assistance of counsel on that direct appeal, *see Mason*, 97 F.3d at 892. Appellate counsel's failure "to show up for appeal--which can occur either if the lawyer fails to initiate the appeal or if the lawyer fails to prosecute the appeal," *Castellanos*, 26 F.3d at 719, denies the defendant "of more than a *fair* judicial proceeding," it deprives him "of the appellate proceeding altogether," *Flores-Ortega*, 528 U.S. at 483 (emphasis in original).

*Dodd v. Knight*, 533 F. Supp. 2d 844 (N.D. Ind. 2008) (parallel citations omitted).

The Court of Appeals of Indiana reached the same result in a similar case. In *Allen v. State*, 959 N.E.2d 343 (Ind. Ct. App. 2011), the court "affirm[ed] the post-conviction court's conclusion that Allen was denied the assistance of appellate counsel and remand[ed] with instructions that the trial court appoint Allen counsel to represent him on appeal." *Id.* at 346-47.

Thus, Brown has demonstrated cause to excuse the procedural default of his claim that he was denied the assistance of counsel for his direct appeal. As for prejudice, "[a]bandonment is a *per se* violation of the sixth amendment." *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994) (*citing United States v. Cronic*, 466 U.S. 648 (1984).) Thus Brown has met the cause and prejudice requirements and must be released unless he is given a direct appeal with the assistance of counsel. However, he has not demonstrated cause to excuse the procedural default of any of his other grounds.

23

The other grounds raised by Brown can be divided into two
groups: those presenting direct appeal issues and those presenting
post-conviction issues.  For those presenting direct appeal issues,
Brown has not yet exhausted those claims, but the habeas corpus
relief that is granted by this order will permit him to do so.
Until then, this court cannot address them.  *See* 28 U.S.C. §
2254(b)(1).  For those grounds related to his post-conviction
relief proceedings, the absence of direct appeal counsel is not
cause for the procedural default of those claims.  That is to say,
not having the assistance of counsel for a direct appeal does not
implicate post-conviction proceedings because "[t]here is no
constitutional right to an attorney in state post-conviction
proceedings." *Coleman v. Thompson*, 501 U.S. 722 (1991).  Thus, the
habeas corpus relief that Brown will be granted does not require
that he be permitted to litigate (or re-litigate) any post-
conviction appeal issues.[5]

---

[5] Though this order does not require that Brown be permitted
to litigate any post-conviction issues as a part of his direct
appeal, neither does it preclude the Indiana Courts from permitting
him to do so as a matter of State law. Though this court is not
unsympathetic to the argument that Brown should receive the
combined appeal that he started when he deferred his direct appeal
using the *Davis/Hatton* procedure, it cannot grant habeas corpus
relief based on State law. *Wilson v. Corcoran*, 562 U.S. __; 131 S.
Ct. 13; 178 L. Ed. 2d 276 (2010). Because federal law does not
require that Brown be given counsel during post-conviction
proceedings and because he has already taken his post-conviction
appeal, this order is therefore limited to addressing his right to
counsel for a direct appeal.

24

## Actual Innocence

Brown also argues that his procedural defaults should be excused because it would be a miscarriage of justice to not examine the merits of his claims because he is actually innocent. However, "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. __, __; 133 S. Ct. 1924, 1928; 185 L. Ed. 2d 1019, 1027 (2013) (quotation marks, brackets, and citation omitted).

Here, Brown presents three arguments in support of his claim of actual innocence. DE 48-1 at 72. First he argues that if the jury had not heard testimony that a year after the crime he was found possessing a submachine gun that was wholly unconnected to the charged offense, then none of them could have found him guilty. This argument is meritless. As Brown acknowledges, there was testimony presented at trial that he was at the crime scene carrying a gun. DE 48-1 at 9, Trial Record at 228. Thus, testimony about the presence (or absence) of an unrelated gun a year later does not demonstrate that Brown is innocent of Attempted Murder or that no reasonable juror could have believed that the State's evidence and found him guilty.

25

Second, Brown argues that a letter written by Cortez Smith, a co-defendant who was also at the crime scene with a gun (Trial Record 227), demonstrates his innocence.  In the relevant paragraph of that letter, Smith wrote:

> I would like to start off and say the statements I said against Mondra Brown were all false.  The reason I said Mondra Brown was the shooter is because me and him wasn't talking at that time.  For one he got my sister pregnant and was climbing in and out of my mamma's window and running up her phone bill.  And the real reason I said Mondra did it is because Desmond called me the same night and said if any thing happen, don't say I did nothing, and if you do I got you.  And the next night he came to my house acting like he lost his pager.  After he pulled up, about 5 minutes after that, a green car shot up my house and at the same time he drove right off in a car with no window.  Desmond was the shooter that night. He was sitting behind Dewayne and I was sitting behind Mondra and he jumped out and ran to another car behind us and chased that car down the alley.

DE 48-13 (spelling, grammar, and punctuation errors corrected without notation).  However, this does not demonstrate actual innocence.  As the Supreme Court has observed,

> This is not to say that petitioner's affidavits are without probative value.  Had this sort of testimony been offered at trial, it could have been weighed by the jury, along with the evidence offered by the State and petitioner, in deliberating upon its verdict.  Since the statements in the affidavits contradict the evidence received at trial, the jury would have had to decide important issues of credibility.

*Herrera v. Collins*, 506 U.S. 390, 418 (1993).  However, had the jury heard Smith testify, they would have also heard him impeached with his other statements which identified Brown as one a shooter. They would have still heard the State's witness who testified that

26

he saw Brown at the scene with a gun.  A reasonable juror could
have chosen to believe the State's witness as well as believing
that Smith's original statements were true and his recantation of
them was false.  "To demonstrate innocence so convincingly that no
reasonable jury could convict, a prisoner must have documentary,
biological (DNA), or other powerful evidence: perhaps some
non-relative who placed him out of the city, with credit card
slips, photographs, and phone logs to back up the claim." *Hayes v.
Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).  Here, Smith's letter
does not come close to proving that Brown is actually innocent of
Attempted Murder or that even if the jury had heard Smith recant
his prior statements that no reasonable juror could have found him
guilty.

Third, Brown argues if the jury had been offered the option of
finding him guilty of a lesser included offense, that none of them
could have found him guilty of Attempted Murder.  This argument is
meritless.  The jury found him guilty of Attempted Murder.
Offering them a lesser included offense option could not
demonstrate that Brown was actually innocent or that no reasonable
juror could have found him guilty of Attempted Murder.

Thus Brown has not demonstrated that it would be a miscarriage
of justice to not consider the merits of his defaulted claims.
Therefore he is not entitled to any habeas corpus relief other than
a direct appeal with the assistance of counsel.

27

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **GRANTED** and the State of Indiana is **ORDERED** to either release Mondra D. Brown or permit him to pursue a direct appeal with the assistance of appointed counsel within 60 days of this order. Counsel for the respondent is **ORDERED** to provide proof of compliance with this order within 75 days of this order.


**DATED: February 6, 2014**        **/s/RUDY LOZANO, Judge**
                                         **United State District Court**